UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:                                                         Case No. 09-06914
                                                               Chapter 11
SUREFIL, LLC and                                   Jointly Administered
SUREFIL PROPERTIES, LLC,                  Hon. Jeffrey R. Hughes

      Debtor.
_____

VIVA BEVERAGES, LLC,

      Plaintiff,

-vs-                                                             Adv. Proceeding No. 10-80045

SUREFIL, LLC,

      Defendant.
_____

### STIPULATION TO SETTLE AND RESOLVE ADVERSARY PROCEEDING

Plaintiff, VIVA Beverages, LLC ("**VIVA**") and Defendant, Surefil, LLC ("**Surefil**"), by their attorneys, hereby stipulate and agree as follows:

WHEREAS, VIVA and Surefil entered into a Manufacturing and Supply Agreement dated August 21, 2008 ("**Supply Agreement**") whereby Surefil agreed to manufacture a certain energy drink ("**Energy Drink**") for VIVA.

WHEREAS, VIVA and Surefil entered into a Bailment Agreement effective October 3, 2009, which was approved by the Court on November 18, 2009 ("**Bailment Agreement**"), with respect to certain equipment necessary to manufacture the Energy Drink.

WHEREAS, paragraph 10 of the Bailment Agreement provides, among other things, that upon termination of the Bailment Agreement: (i) the equipment subject to the

-2-

Bailment Agreement shall be made immediately available to VIVA, and (ii) the Supply Agreement shall automatically terminate.

WHEREAS, Surefil remains in possession of various equipment, which is described on Exhibit 1 attached hereto ("**Equipment**") and manufactured Energy Drinks all of which VIVA has rejected, alleging they are non-conforming ("**Materials**") which are subject to the Supply Agreement and/or the Bailment Agreement.

WHEREAS, VIVA has terminated the Bailment Agreement and has commenced the above-captioned Adversary Proceeding against Surefil to gain possession of the Equipment and for damages.

WHEREAS, the parties have agreed to resolve the Adversary Proceeding in accordance with this Stipulation.

NOW, THEREFORE, IT IS STIPULATED AND AGREED:

1. The Equipment shall be made available for VIVA to remove from Surefil's facility at any time upon VIVA's request; provided, however:

    (a) The dismantling, movement and transportation of the Equipment (collectively, "**Removal**") shall be carried out by VIVA and/or its agents.

    (b) The Removal shall be carried out during Surefil's normal hours of operation.

    (c) The Removal activities shall be carried out in a manner so as not to unreasonably disrupt or impair Surefil's production activities.

(d) VIVA shall supply Surefil with one (1) business day advance notice of its need for access to Surefil's facility to conduct the Removal activities.

2. VIVA shall have the right to inspect and run the Equipment to make sure Surefil hasn't damaged the Equipment prior to Removal, and Surefil shall have the right to observe the inspection and run.

3. The Materials will be destroyed by Surefil. Surefil will provide VIVA with advance notice of the time and place of the destruction of the Materials and VIVA will have the right to observe the destruction of the Materials. Upon completion of the destruction of the Materials, Surefil will provide VIVA with a certification of such destruction by the waste hauler and/or the disposal facility.     4. Upon VIVA's removal of the Equipment (or its written waiver of its right to remove any part of the Equipment) and the destruction of the Materials, Surefil, on behalf of its officers, employees, members, parents, subsidiaries, successors and assigns (the "**Surefil Parties**") and VIVA, on behalf of its officers, employees, members, parents, subsidiaries, successors and assigns (the "**VIVA Parties**"), each hereby release and forever discharge the other from any and all debts, claims, demands, liabilities, obligations, causes of action and rights (except to the extent contained in this Stipulation), whether known or unknown, suspected or unsuspected, whether at law or in equity, fixed or contingent and whether based on tort or breach of contract or other duties, which arose or are based upon facts in existence prior to the date hereof.

5. The parties agree to dismiss the Adversary Proceeding, with prejudice and without cost. However, all obligations with respect to Removal of the Equipment and the

destruction of the Materials, including, without limitation, Surefil's obligation to allow Removal of the Equipment and the destruction of the Materials subject to the terms and conditions of this Stipulation, and the mutual release of claims shall survive the dismissal of this Adversary Proceeding.

WHEREFORE, the parties request that the Court enter an Order in the form attached hereto as Exhibit 2 approving this stipulation, dismissing the Adversary Proceeding and granting all other relief that the Court deems appropriate.

        **NANTZ, LITOWICH, SMITH, GIRARD & HAMILTON**
        Attorneys for Surefil, LLC

        By:      /s/ **Harold E. Nelson**
            Harold E. Nelson  (P-27974)
        Business Address:
            2025 E. Beltline, S.E., Suite 600
            Grand Rapids, MI  49546
            (616) 977-0077

Dated: February 15, 2010

        **JAFFE, RAITT, HEUER & WEISS, P.C.**
        Attorneys for VIVA Beverages, LLC

        By:   /s/ **Paul R. Hage**
            Paul R. Hage (P-70460)
        Business Address:
            27777 Franklin Road, Suite 2500
            Southfield, MI  48034-8214
            (248) 351-3000

Dated: February 15, 2010

f:\data\hen\surefil llc\viva ap\stipulation to settle and resolve ap (final) 2.13.10.doc